## DANIEL B. WEIR

### v.

## THE STATE OF ILLINOIS.

*Opinion filed September 10, 1889.*

WATERS—*damage to lands by construction of State dam.* Where State constructs a dam in a stream like the Illinois river and lands adjoining are permanently injured for future use, the State ought in equity to make such compensation as would pay the owner for the actual damage shown to have been sustained.

The claimant in this case, filed his claim against the State of Illinois with the Auditor of Public Accounts on the 20th day of October, 1879.

The petition filed with his claim states in substance that on the 20th day of October, 1877, and before that time claimant was, and had been, the owner of the west one-half (W. ½) of the southeast quarter (S. E. ¼) of section thirty-five in township thirty, north of range three west of the 3d P. M., in Marshall county, Illinois, containing eighty acres; that all of said land is situated in the bottoms and low lands bordering upon the Illinois river, subject to inundation from floods and high water in said river; that during the months of May to October, inclusive, said river is usually at or near "low water mark" and the lands of claimant dry, producing grass for hay and pasture under cultivation, crops of corn and other grain; that in the month of October, 1877, a dam was constructed across the Illinois river at Copperas Creek under and by virtue of the authority of the State of Illinois, that raised the water at the dam some six and one-half feet and raising the water opposite the lands of claimant from two to three feet more than it would have been but for said dam; that the summer rains raising the water in the river two to three feet, were harmless to said land but with said dam make a raise in the water of four and one-half to six feet, by means thereof causing the lands of claimant to become flooded, soft and spongy, liable to frequent over-flows

and rendering the land unproductive for any purpose, damaging the land as it is claimed three hundred and fifty dollars.

The evidence in this case tends to support the allegations in the petition showing that of the eighty acres of land owned by claimant about sixty acres had been to some extent damaged. It appears from the evidence that this land was quite low; most of it sparsely covered with trees; hay had been cut on about 20 acres, the rest was used for pasture; no part of it ever cultivated or attempt made to raise grain.

By the construction of this dam the level of the water in the river was raised causing permanent injury and damage to the land for the purpose for which it had been used. The right of the State to construct a dam in a stream like the Illinois river, is clear; yet, where the lands adjoining are permanently injured for future use the State ought, in equity, to make such compensation as would pay the owner for the actual damage shown to have been sustained.

We think the proof in this case tends to show that the lands of claimant have been permanently damaged two hundred and twenty dollars ($220.00) and that he is entitled to an award against the State for that amount.